IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EVERETT HOLLOWAY,**

            **Plaintiff,**

      **v.**                         **CASE NO.  08-3240-SAC**

**JOHN F. BAKER,**
**et al.,**

            **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  Defendants are John Baker, a guard at the Winfield Correctional Facility, Winfield, Kansas (WCF); and two John Does, one a unit team member and the other a guard at WCF.

As the factual basis for his complaint, Mr. Holloway alleges the following.  Between December 2007 and March 2008, Defendant Baker conspired with "at least" two John Does "via (e-mail) telephone[1]" to release information "concerning the plaintiff's current (security) status and history" to inmates in A-Cell House Unit, and that this information put him in danger "with the prison population."  The information included that Holloway "had made a deal with the administration" and was informing on several inmates trafficking in illegal tobacco products and drugs smuggled into the institution.  Four inmates approached him in a threatening manner and said Baker had given them this information.  He was threatened

---

[1] Plaintiff alleges that the information disseminated about him by defendant Baker "had to come from" his private records which "had to be supplied by e-mails" by the John Does.

by several prison gang members. Plaintiff was assaulted by another inmate on February 18, 2008. Baker was found guilty at a hearing by WCF staff, and action was taken against him for releasing this information. Plaintiff has been denied information from the WCF administration, which he sought through administrative appeals, regarding the action taken against Baker.

Plaintiff claims that defendant Baker was "deliberately indifferent" to his safety, and released the information "with evil intentions." He very generally implies the assault was permitted or encouraged and the inmates involved were known to be aggressive and violent. He claims he has suffered mental anguish, humiliation, and emotional distress, as well as loss of money, privileges, property, and custody status with his transfer to HCF. He asserts he has been subjected to violations of his rights to due process and under the Eighth Amendment, as well as gross negligence, misconduct, and abuse of authority. He seeks compensatory and punitive damages from defendants in their individual capacities, and asks that "action be taken against" them.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the

average monthly deposit to plaintiff's account is $13.45 and the average monthly balance is much less.  The court therefore assesses an initial partial filing fee of $2.50, twenty percent of the average monthly deposit, rounded to the lower half dollar[2].  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.

**SCREENING**

Because Mr. Holloway is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds as follows.

**JOHN DOE DEFENDANTS**

The court finds plaintiff's claims against the defendants described only as John Does, one a unit team member and the other a guard, should be dismissed unless plaintiff provides more facts and information.  In the body of his complaint, plaintiff does not describe any personal acts by a unit team member or a guard other than John Baker, as having caused the injuries for which he seeks damages.  The only defendant whose personal involvement is described in the acts of which plaintiff complains is defendant Baker.  The

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

3

court thus finds that plaintiff has not alleged facts showing the personal participation of either defendant John Doe. Plaintiff will be given the opportunity to file a Supplement to Complaint with a description of the acts or inactions of the John Doe defendants.

Plaintiff has also failed to provide enough information about each John Doe defendant to allow personal service of the complaint upon them. He will be given the opportunity to provide additional information, preferably their names, addresses, or any other information sufficient to allow service upon them.

**CLAIM OF CONSPIRACY**

Plaintiff alleges no facts whatsoever in support of his claim that defendant Baker conspired with some John Does to release information about him. Mere conclusory allegations of conspiracy, unsupported by facts showing any type of agreement and concerted action among defendants, are insufficient to support a conspiracy claim. Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The court thus finds that plaintiff's conspiracy claim should be dismissed unless he provides supporting factual allegations in a Supplement to Complaint.

If plaintiff does not pay the partial filing fee assessed herein within the time allotted, his motion for leave to proceed without prepayment of fees shall be denied, and this action may be dismissed as a result. If plaintiff does not file a Supplement to Complaint curing the deficiencies discussed above within the time allotted by the court, the John Doe defendants and plaintiff's

4

conspiracy claim will be dismissed.  This action may then proceed, provided the partial filing fee has been paid, only upon plaintiff's claims against defendant Baker.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's Motion for Appointment of Counsel (Doc. 3) has been considered and shall be denied.  Plaintiff is not entitled to appointment of counsel in a civil rights action, and appears capable of stating facts in support of his claims, which is the pro se litigant's main responsibility.  This motion may be renewed at a later stage in the proceedings, if necessary.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit an initial partial filing fee of $2.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the partial fee as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file a Supplement to Complaint stating additional facts and information with regard to the John Doe defendants and his claim of conspiracy, or these defendants and claim will be dismissed from this action.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2008, at Topeka, Kansas.

                    <u>s/Sam A. Crow</u>
                    U. S. Senior District Judge