IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


EVERETT HOLLOWAY,

                    Plaintiff,

          v.                         CASE NO.  08-3240-SAC

JOHN F. BAKER,
et al.,

                    Defendants.

## O R D E R

On October 31, 2008, this court entered an Order herein assessing an initial partial filing fee and requiring that plaintiff file a supplement to his complaint for reasons stated in the Order.  Plaintiff has complied with that Order.  Having considered the Supplement filed by plaintiff, the court finds as follows.

Plaintiff acknowledges that he cannot provide sufficient information to serve and proceed against the two John Doe defendants at this time.  Accordingly, the court finds that these defendants should be dismissed from this action, without prejudice.  If plaintiff acquires sufficient information to name additional defendants herein, he may file a motion to add defendants.  However, that motion must be timely and otherwise in compliance with the Federal Rules of Civil Procedure.  Plaintiff's claim of conspiracy is also dismissed without prejudice, given that plaintiff has not provided facts in support of this claim.  This

action proceeds only upon plaintiff's remaining claims and only
against defendant Baker.

Within his Supplement, plaintiff asks the court to
reconsider his motion for appointment of counsel. The court has
considered this request, and finds it should be denied for the
reasons already stated. Plaintiff is required to present the facts
underlying his claims, and not to provide legal authority. In the
future, plaintiff must file a separate motion with the case caption
and the title of the motion at the top of the first page, whenever
he seeks action in this case such as appointment of counsel.

The court finds that proper processing of plaintiff's
claims cannot be achieved without additional information from
appropriate officials of the Winfield Correctional Facility. See
Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v.
Bellmon, 935 F.2d 1106 (10th Cir. 1991).

IT IS THEREFORE ORDERED that plaintiff's Motion for Leave
to Proceed in forma pauperis (Doc. 2) is granted[1].

IT IS FURTHER ORDERED that defendants John Doe I and John
Doe II are dismissed from this action, without prejudice; and
plaintiff's conspiracy claim is dismissed, without prejudice.

---

[1]     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff remains obligated to
pay the full $350.00 district court filing fee in this civil action. Being
granted leave to proceed in forma pauperis entitles him to pay the filing fee
over time through payments from his inmate trust fund account as authorized by
28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the
facility where plaintiff is confined is directed by copy of this Order to collect
twenty percent (20%) of the prior month's income each time the amount in
plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been
paid in full. Plaintiff is directed to cooperate fully with his custodian in
authorizing disbursements to satisfy the filing fee, including but not limited
to providing any written authorization required by the custodian or any future
custodian to disburse funds from his account.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served upon defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of Winfield Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant D. Kan. Rule 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge